UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN

| UNITED STATES OF AMERICA | § | Claim No: 1998A15668 |
|---|---|---|
| | § | |
| vs. | § | |
| | § | |
| Carl V. Callaway | | |

**COMPLAINT**

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

The United States of America, plaintiff, alleges that:

### Jurisdiction

1. This Court has jurisdiction over the subject matter of this action pursuant to Article III, Section 2, U.S. Constitution and 28 U.S.C. § 1345.

### Venue

2. The defendant is a resident of Wayne County, Michigan within the jurisdiction of this Court and may be served with service of process at 19988 Stoepel, Detroit, Michigan 48221.

### The Debt

3. The debt owed the USA is as follows:

| | |
|---|---:|
| A. Current Principal *(after application of all prior payments, credits, and offsets)* | $1,645.35 |
| B. Current Capitalized Interest Balance and Accrued Interest | $3,355.89 |
| C. Administrative Fee, Costs, Penalties | $0.00 |
| D. Credits previously applied *(Debtor payments, credits, and offsets)* | $0.00 |
| E. Attorneys fees | $0.00 |
| **Total Owed** | **$5,001.24** |

The Certificate of Indebtedness, attached as Exhibit A", shows the total owed excluding attorney's fees and CIF charges. The principal balance and the interest balance shown on the Certificate of Indebtedness is correct as of the date of the Certificate of Indebtedness after application of all prior payments, credits, and offsets. Prejudgment interest accrues at the rate of 10.000% per annum.

### Failure to Pay

4. Demand has been made upon the defendant for payment of the indebtedness, and the defendant has neglected and refused to pay the same.

WHEREFORE, USA prays for judgment:

A. For the sums set forth in paragraph 3 above, plus prejudgment interest through the date of judgment, all administrative costs allowed by law, and post-judgment interest pursuant to 28 U.S.C. § 1961 that interest on the judgment be at the legal rate until paid in full;

B. For attorneys' fees to the extent allowed by law; and,

C. For such other relief which the Court deems proper.

Respectfully submitted,

By: s/Charles J. Holzman (P35625)
Holzman Corkery, PLLC
Attorneys for Plaintiff
Tamara Pearson (P56265)
28366 Franklin Road
Southfield, Michigan 48034
(248) 352-4340
usa@holzmanlaw.com

U. S. DEPARTMENT OF EDUCATION
SAN FRANCISCO, CALIFORNIA

CERTIFICATE OF INDEBTEDNESS #1 OF 1

Carl V. Callaway
aka: Carl Callaway
19988 Stoepel St.
Detroit, MI. 48221
Account No. XXX1__.

I certify that U.S. Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 11/23/10.

On or about 6/30/88 the borrower executed a promissory note to secure a loan of $2,625.00 from First Bank (N.A.), Madison, WI. This loan was disbursed for $2,625.00 on 7/11/88 at 10% interest per annum. The loan obligation was guaranteed by SLMA/Great Lakes Higher Education and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 C.F.R. Part 682). The holder demanded payment according to the terms of the note, and credited $979.65 to the outstanding principal owed on the loan. The borrower defaulted on the obligation on 12/10/91 and the holder filed a claim on the loan guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $1,758.45 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount paid becomes due to the guarantor as principal. The guarantor attempted to collect this debt from the borrower. The guarantor was unable to collect the full amount due, and on 06/09/96 assigned its right and title to the loan to the Department.

Since assignment of the loan, the Department has credited a total of $0.00 in payments from all sources, including Treasury Department offsets, if any, to the balance. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $1,645.35 |
| Interest: | $3,130.58 |
| Total debt as of 11/23/10: | $4,775.93 |

Interest accrues on the principal shown here at the rate of $0.45 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 11/23/10

Laura Bevon
Loan Analyst
Litigation Support Unit

# FIRST BANK (N.A.)
## GUARANTEED STUDENT LOAN APPLICATION A

**JUL 08 1988**

### SECTION 1—TO BE COMPLETED BY THE BORROWER "IMPORTANT—READ THE INSTRUCTIONS CAREFULLY"

1. Social Security: (blank)
2. Last Name: **Callaway**  First Name: **Carl**  Middle Initial: **V**
3. Birthdate: (blank)
4. Permanent Home Address: **19968 Stoepel**  City, State, Zip Code: **Detroit, Michigan 48221**
5. Area Code/Telephone No.: **313/862-407**
6. United States Citizenship Status: ☒ a. U.S. Citizen/National
7. You are a permanent resident of what state? **MI** Year: (blank)  State: **Michigan** Since: **0/5/9**
8. State of Driver's License: **MI** Since: (blank)  State of Veh. Reg.: (blank) Since: (blank)
9. Loan Period: From Mo **07** Year **88** To Mo **10** Year **88**
10. Loan Amount Requested: **$2625**
11. Major course of study: **Truck Driving**
12. List post secondary institutions you have attended: **NONE**
13. Have you ever defaulted on a GSL, PLUS/SLS or Consolidation Loan? ☐ Yes ☐ No
14. Have you received a GSL, PLUS/SLS or Consolidation Loan for a period of enrollment before July 1, 1988? ☐ Yes ☐ No
15. List below all GSL, PLUS/SLS and Consolidation Loans...

| Name of Lender | City and State of Lender | Loan Period Beginning Date Mo./Year | Interest Rate | Unpaid Balance |
|---|---|---|---|---|
| NONE | | | % | $ |
| | | | % | $ |

16. Wisconsin Residents Only. Marital Status: ☐ married ☐ unmarried or legally separated

**17a. Parent or Guardian**
Name: **Barbara Brown**  Relationship: **Mother**
Address: **13211 Penbroke**
City/State/Zip: **Detroit, Mich 48235**  Since: **57**
Area Code/Telephone No.: (blank)
Place and City of Employment: **MESC, -DET**

**17b. Other Relative**
Name: **Wilma Turner**  Relationship: **Aunt**
Address: **19335 Pinhurst**
City/State/Zip: **Detroit, Mich 48221**  Since: **57**
Place and City of Employment: **Celebration Cakes - DET**

**17c. Other Relative or Friend**
Name: **William C. Green**  Relationship: **Friend**
Address: **20133 McIntyre**
City/State/Zip: **Detroit, MI**  Since: **1980**
Place and City of Employment: **Det. Bd. of Ed - Det**

### Promissory Note for a Guaranteed Student Loan

1. Promise To Pay I, as the Maker identified in Section I, item 2 and "Endorser," if any, identified in Section I, item 18c, promise to pay to the lender identified in Section 2, item 35, when this note becomes due as set forth in paragraph 6 (reverse side), the sum of

**Two Thousand Six Hundred Twenty-five** DOLLARS

18a. Requested Loan Amount - Must be the same as item 10

($2625.00) or such lesser amount as is advanced to me and identified to me in the GSL Disclosure Statement, plus interest computed at the applicable rate disclosed on the GSL Disclosure Statement. If I am not satisfied with the terms of the loan on the GSL Disclosure Statement, I may cancel this agreement. I agree to contact my lender immediately and will not cash any loan check that has been released to me. I agree to check the GSL Disclosure Statement as soon as I get it and to let my lender know if anything looks wrong or if I have any questions. My signature certifies that I have read and agree to the conditions and authorizations stated in the "Borrower Certification" printed on the reverse side.

18b. Maker's Signature: **Carl Callaway** (Seal)  Date: **6/30/88**
18c. Endorser's Signature: (blank) (Seal)  Date: (blank)
Endorser's Soc. Sec. No.: (blank)  Endorser's Address: (blank)

### SECTION 2—TO BE COMPLETED BY THE SCHOOL

19. Name of School: **Chauffeurs Training School Inc**
20. Address: **14601 Dequindre**  City, State, Zip Code: **Detroit, Mich 48212**
21. Area Code/Telephone No.: **(313) 893-2200**
22. School Code: **021461**
23. Borrower Enrolled: **Half Time**
24. Dependency: **Indep**
25. Loan Period: From **7/5/88** To **10/19/88**
26. Grade: **01**
27. Anticipated Grad: **10/88**
28. Est. Cost of E: **$638**
29. Est. Fin. Aid: **$1000**
30. E.F. Contribution: **$2519**
31. Approved Loan Amount: **$2625**
32. 1st Disbursement Date: **7/5/88**
33. 2nd Disbursement Date: (blank)

34. Signature of School Official: **Velma J. Woods**  Print Name and Title: **Velma J. Woods F.A. Admn**  Date: **7/08/88**

### SECTION 3—TO BE COMPLETED BY THE LENDER

35. Name of Lender: **First Bank (N.A.)**
36. Street Address: **P.O. Box 8931**  City, State, Zip Code: **Madison, WI 53708**
37. Lender Code: **821654**
38. Entity Number: **39-0155**
39. Area Code/Telephone No.: 1-800-362-3808 (IN-STATE) / 1-800-362-6057 (OUT-STATE)
40. 1st Disbursement Amount: (blank)
41. 2nd Disbursement Amount: $
42. Total Amount Approved: **$2625**

43. Signature of Student Loan Officer: (signature)  Print Name and Title: **Richard H. Johnston, Vice-President**  Date: (blank)

**LENDER COPY A**

19B (3/88)

UPON LENDER COMPLETION MAIL ONLY GLHEC AND LENDER COPIES TO: First Bank Loan Origination Center, P.O. Box 8931, Madison, WI 53

2. **DEFINITIONS.** All words, phrases, and conditions not defined in this Note shall be construed according to common and approved usage unless a technical meaning is ascribed to them by Title IV, Part B Higher Education Act of 1965, (20 U.S.C. 1071 et seq.), as amended, called the "Act" or Federal Regulations. The U.S. Secretary of Education shall be called the "Secretary". The Great Lakes Higher Education Corporation shall be called "GLHEC".

3. **APPLICABLE INTEREST RATE.** (1) The Maker agrees to pay an amount equivalent to simple interest (as specified in (4)) on the unpaid principle balance from the date of disbursement until the entire principal sum and accrued interest are paid in full. (2) However, the Secretary will pay the interest that accrues on this loan prior to repayment status and during any deferment, if it is determined that the Maker qualifies to have such payments made on the Maker's behalf under the regulations governing the Guaranteed Student Loan Program ("GSLP"). In the event that the interest on this loan is payable by the Secretary, neither the lender nor the holder of this Note may attempt to collect the interest from the Maker. The Maker, however, may choose to pay the interest. (3) Once the repayment status begins the Maker will be responsible for all interest that accrues on this loan, except that if the interest accruing on this loan prior to the repayment period was payable by the Secretary, the Secretary will pay the interest that accrues during any period described under DEFERMENT (par. 13) in this Promissory Note. (4) The interest rate will be determined according to the following: (a) if the Maker has an outstanding Guaranteed Student Loan(s) ("GSL") on the date the Maker signs this Note, the applicable interest rate will be the same as the applicable interest rate on the outstanding GSL(s); (b) If the Maker is borrowing for a period of enrollment which begins before July 1, 1988, and the Maker has no outstanding GSL(s), the applicable interest rate on this loan will be 8%. (c) If the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding GSL(s) but the Maker has an outstanding balance on any PLUS, Supplemental Loans for Students ("SLS") made for enrollment periods beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8%. (d) If the Maker is borrowing for a period of enrollment which begins on or after July 1, 1988, and the Maker has no outstanding balance on any GSL, PLUS, or SLS made for enrollment period(s) beginning before that date or on any Consolidation loan(s) which repaid loans made for enrollment period(s) beginning before that date, the applicable interest rate on this loan will be 8% until the end of the fourth year of the Maker's repayment status and will be 10% beginning with the fifth year of the Maker's repayment status. (5) The applicable interest rate (a) until the end of the fourth year of the Maker's repayment status, and (b) beginning with the fifth year of the Maker's repayment status, will be identified on the GLHEC GSL Disclosure Statement. (6) The Maker may also receive rebates of interest, if required by the Higher Education Act of 1965, as amended, when the applicable interest rate is 10%. (7) The lender or other holder of this note may add accrued unpaid interest to the unpaid principal balance (capitalization) of this loan in accordance with regulations and policies of GLHEC.

4. **GUARANTEE INSURANCE FEE.** The Maker agrees to pay a loan guarantee insurance fee to Lender equal to 1% of the Loan Amount. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted proportionally from each disbursement of this loan. This fee may be refundable if no amount of this loan has been disbursed to the Maker.

5. **LOAN ORIGINATION FEE.** The Maker agrees to pay to the lender a loan origination fee equal to 5% of the Loan Amount. This fee may be increased to 5.5% by Presidential order issued pursuant to the sequestration provisions of the Balanced Budget and Emergency Deficit Control Act of 1985. The amount of this fee will be shown on the GSL Disclosure Statement and it will be deducted by the lender from each disbursement of the proceeds of the loan in an amount prorated in accordance with the amount of each disbursement.

6. **PAYMENT OF NOTE.** During the Interim Period consisting of the time the Maker continues to carry at an eligible institution at least one half the normal full-time academic workload as determined by that institution plus the Grace Period, no payments are due from the Maker, and all interest accruing will be paid to the lender by the Secretary if the Maker qualifies for interest subsidy. During the Grace Period, the lender will provide the Maker and the Maker will sign a Payment Schedule and Disclosures form which will establish the number and amounts of the payments necessary to repay the principal and interest due on this note over the period ("Repayment Period") commencing at the conclusion of the Grace Period. The lender may add any accrued interest for which the Secretary is not liable and any interest not paid by the Maker when due to the unpaid principal balance of this loan in accordance with GLHEC regulations. From the date the Repayment Period begins, the Maker and not the Secretary is liable for all interest accruing on this Note except during authorized deferment periods. Except where the minimum payment provided in par. 7 is applicable, the Repayment Period lasts at least 5 years but no more than 10 years, (except for authorized periods of deferment and forbearance). If the lender and Maker agree to a Repayment Period of less than 5 years, the lender will, at the Maker's request, extend it to 5 years unless doing so would reduce the Maker's payments below the minimum required by par. 7. The Maker agrees (A) to notify the lender promptly in writing after ceasing to carry at an eligible institution at least one half the normal full-time academic workload, (B) to sign the Payment Schedule and Disclosures form, provided by the lender, not later than 120 days prior to the expiration of the Grace Period, and (C) to pay the Note in accordance with the Payment Schedule and Disclosures form. Receipt or signature of the Payment Schedule and Disclosures form by the Maker shall not be a condition precedent to liability for payment of any sums owed by the Maker and any Endorser.

7. **MINIMUM PAYMENT.** The total annual payment by the Maker during any year of the repayment period on all GSL and PLUS/SLS loans made under the Act shall not, unless otherwise agreed to by lender and Maker, be less than $600 or the balance of all such loans plus accrued interest, whichever is less, except that if a husband and wife both have outstanding GSL and PLUS/SLS loans, the total combined annual payment on all such loans by husband and wife shall not be less than $600 or the combined balance of all such loans plus accrued interest, whichever is less. The required annual payment may be more than indicated above depending on the total amount borrowed.

8. **PREPAYMENT WITHOUT PENALTY.** The Maker and any Endorser may prepay the whole or any part of this Note at any time without penalty, and may be entitled to a rebate of any unearned interest that was paid.

9. **LATE PAYMENT PENALTY.** A late payment penalty may be assessed on the unpaid amount of any installment not paid on or before the 10th day after its scheduled or deferred due date. The late charge may not exceed 6% of each installment or $6 for each installment whichever is less. This charge may be added to the Maker's account and deducted from any future payments prior to allocation toward payment of any principal or interest.

10. **COLLECTION CHARGES.** The Maker and any Endorser are liable for all charges and collection costs, including statutorily authorized attorneys fees, that are permitted by Regulations of the Secretary and are necessary for the collection of the loan.

11. **SECURITY INTEREST.** This Note is unsecured and the lender expressly waives, as security for this Note, any security interest held by the lender.

12. **DISBURSEMENT SCHEDULE.** The Maker and lender agree that the amount paid to the Maker shall be disbursed by check payable to the order of and requiring the endorsement of the Maker according to the schedule listed on the GSL Disclosure Statement.

13. **DEFERMENT.** Payment of principal will be deferred after the repayment period begins, provided Maker complies with the procedural requirements set forth in the regulations governing the GSL Program in any of these circumstances including deferment renewals that may be required: (A) While Maker is enrolled — (a) Full-time study at a school that is participating in the GSLP (unless Maker is not a citizen or national of the United States and is studying at a school not located in the United States); (b) Full-time study at an institution of higher education or a vocational school that is operated by an agency of the Federal Government (e.g., the service academies). (c) A graduate fellowship program approved by the Secretary; or (d) A rehabilitation training program for disabled individuals approved by the Secretary. (B) For periods not exceeding 3 years for each of the following while Maker is — (a) On active duty in the Armed Forces of the United States or serving as an officer in the Commissioned Corps of the United States Public Health Services; (b) Serving as a Peace Corps Volunteer; (c) Serving as a full-time volunteer under Title I of the Domestic Volunteer Service Act of 1973 (ACTION programs, e.g., VISTA); (d) Serving as a full-time volunteer for an organization exempt from Federal income taxation under Section 501(c)(3) of the Internal Revenue Code of 1954, while performing service which the Secretary has determined is comparable to service in the Peace Corps or ACTION programs; or (e) Temporarily totally disabled, as established by affidavit of a qualified physician, or unable to secure employment because Maker is providing care required by a dependent who is temporarily totally disabled, as established by affidavit of a qualified physician. (C) For a period not exceeding 2 years while Maker is serving in an internship that the Secretary has determined is necessary for Maker to gain professional recognition required to begin professional practice or service. (D) For a period not exceeding 2 years while Maker is conscientiously seeking but unable to find full-time employment in the United States; and (E) Up to 6 months if borrower is pregnant or caring for a newborn or newly adopted child, and is not in attendance at an eligible school or gainfully employed, and was enrolled within the past 6 months at an eligible institution. For new borrower receiving a loan for a period of enrollment beginning on or after July 1, 1987, payment may also be deferred for: (A) Enrollment at least half-time (as determined by school), and receiving a GSL for the period of enrollment; (B) Up to 3 years while serving as an active duty member of the National Oceanic and Atmospheric Administration Corps; (C) Up to 3 years for full-time elementary or secondary school teachers in a teacher shortage area prescribed by the Secretary; (D) Up to 2 years for service in an eligible internship or residency program leading to a degree or certificate awarded by an institution of higher education, a hospital, or a health care facility that offers post-graduate training; and (E) Up to 1 year for mothers of pre-school children entering or re-entering the work force who earn less than $1 above minimum wage.

To be granted a deferment, Maker must provide the lender with written evidence of eligibility. Maker must subsequently notify the lender as soon as the condition for which the deferment was granted no longer exists.

14. **EVENTS OF DEFAULT.** This Note shall, at the option of the holder, become immediately due and payable upon the occurrence of any of the following events of default: (A) Failure of Maker to pay in full any monthly installment when due provided that this failure persists for 180 days or 240 days for less frequent installments; or (B) giving false or inaccurate information on an application for a student loan. Upon default all of the Maker's rights under this agreement shall be terminated, including but not limited to the deferments provided for in par. 13. Payment arrangements which may be allowed by the Great Lakes Higher Education Corporation after default, shall not reinstate or renew any such terminated rights of the Maker.

15. **CONSEQUENCES OF DEFAULT.** Upon an event of default (par. 14), Maker and Endorser are jointly and severally liable for all charges and collection costs (including statutorily authorized attorneys fees) permitted by federal statutes or by rules or regulations issued by the Secretary or GLHEC for the collection of any amounts due under this Note. If this loan is referred for collection to an agency subject to the Fair Debt Collection Practices Act (15 U.S.C. §§ 1692 et seq.), Maker and Endorser will jointly and severally pay those collection costs which do not exceed 25% of the unpaid principal and accrued interest. In the event GLHEC obtains a legal judgment on the defaulted loan, GLHEC reserves the right to collect interest on the judgment at any rate up to the maximum rate of interest that applicable law may allow with respect to interest on judgments. The rate of interest on a judgment may be greater than the rate of interest specified in this Note.

16. **CREDIT BUREAU NOTIFICATION.** Information concerning the amount of this loan and its repayment will be reported to one or more credit bureau organizations. If Maker defaults on this loan, the lender, the holder or guaranty agency will also report the default to one or more credit bureau organizations. This may significantly affect the Maker's ability to obtain other credit.

17. **ADDITIONAL PROVISIONS.** (A) The Maker and any Endorser are jointly and severally liable for all amounts owing under this Note and waive presentment for payment, demand, notice of nonpayment, notice of protest and protest of this Note, and consent to the terms of any payment schedule and all extensions and renewals without notice. (B) The Maker agrees to use the proceeds of the loan which this Note evidences solely to pay the expenses of attending the educational institution named on the application and for the loan period indicated on the application. (C) In the event of the Maker's death or total and permanent disability, the unpaid indebtedness hereunder shall be cancelled pursuant to regulations promulgated under the Act. (D) The Maker shall notify the lender promptly, in writing, of any changes from time to time occurring in his or her school enrollment status (such as withdrawal from school or less than half-time attendance, graduation or transfer to other school) or home address from that stated in the application for the loan. (E) The lender must provide information on the repayment status of this loan to credit bureau organizations upon the Maker's request. If not otherwise prohibited by the law or regulation, the lender and/or GLHEC will disclose information about the status of this loan to any credit bureau. (F) Under the conditions set forth in Federal and GLHEC regulations governing the GSL program this loan may be transferred to a holder other than the original lender. Upon being notified of such transfer, the Maker has the same rights and responsibilities with regard to the subsequent holder that the Maker had with regard to the original lender. This Promissory Note is not intended to be a negotiable instrument under the Uniform Commercial Code as adopted by any state and a subsequent holder of the Promissory Note cannot be a holder in due course. (G) Consolidation or refinancing options may be available to the Maker for GSL and other educational loans. For further information the Maker should contact GLHEC.

**BORROWER CERTIFICATION.** I declare under penalty of perjury under the laws of the United States of America that the following is true and correct. I, the borrower, certify that the information contained in Section 1 of this application is true, complete and correct to the best of my knowledge and belief and is made in good faith. I also certify that I do not now owe a refund on a PELL Grant, Basic Grant, Supplemental Educational Opportunity Grant, or State Student Incentive Grant that I received to attend any school. I further certify that I am not now in default on any loans received under the Perkins Loan (formerly National Direct Student Loan), the Federal Insured Student Loan Program, or the PLUS or ALAS Programs at any school. I hereby authorize the educational institution to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school or institution that I may attend, or GLHEC, to release to the lending institution, subsequent holder, or their agents, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I also authorize the lender, subsequent holder, their agent, educational institution or GLHEC to make inquiries of my parents and other third parties to obtain information regarding my location, employment and sources of income. I certify that the proceeds of any loan made as a result of this application will be used for educational purposes for the academic period covered by this application at the educational institution named on this form. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my education expenses related to attendance at that institution for the loan period stated. I further certify that I have read and understand the statement of borrower responsibilities attached to the application.